v.

The STATE of Texas, Appellee.

No. 35507.

Court of Criminal Appeals of Texas.

March 20, 1963.

Phillip STANTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35553.

Court of Criminal Appeals of Texas.

March 27, 1963.

James H. Martin, Sidney Dawson, Dallas, for appellant.

Henry Wade, Dist. Atty., Bill Alexander, Don Cates, Emmett Colvin, Jr., and Steve Guittard, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery with firearms; the punishment, 20 years.

The witness Washer, an operator of a package store, testified that appellant, wearing a raincoat, rushed into his store on the night in question, asked for a bottle of wine, simultaneously removing a sawed off shotgun from under his raincoat, pointed the same at the witness and ordered him to the rear of the store. Washer stated that at this juncture another male ran in the store and approached the cash register, that appellant made him (Washer) lie down and then hit him over the head with the shotgun. Upon regaining consciousness, Washer notified the police and discovered that over two hundred dollars was missing from his cash register. Four days after the rob-

bery, Washer positively identified appellant in a lineup at the police station consisting of four other males of the same race and size. He also identified him at the trial.

Officer Beck testified that he arrived at the scene of the crime and observed several cuts in the back of Washer's head which were bleeding profusely.

Appellant, his mother and two sisters testified that he was at home all evening on the night in question.

The jury resolved the evidence against appellant, and we find the evidence sufficient to sustain the conviction.

Two questions are raised by brief and in argument. The first arose when the prosecutor, while cross examining appellant and testing his memory as to the alibi, asked him if he remembered where he was the night following that charged in the indictment. Appellant replied, "Well, I was—I was in an attempt robbery." After the State had passed the witness, counsel objected, and the careful trial judge instructed the jury not to consider the answer.

It is axiomatic that an accused may not complain of the proof of certain facts which he adduced. Lee v. State, 165 Tex. Cr.R. 113, 303 S.W.2d 406.

The second arises out of the court's failure to grant a new trial when appellant produced Johnson, another inmate of the Dallas county jail who testified that he and not appellant had committed the robbery in question. Attached to the motion for new trial was an affidavit made by Johnson in which he admitted his guilt and exonerated appellant. At the hearing on the motion, the State introduced a written statement made by the said Johnson in which he admitted that, while in the same cell with appellant prior to appellant's trial, he told appellant that he was the one who had committed the robbery in question.

Officers Sims and Boyd testified that while interrogating Johnson following his

arrest on another charge he had denied committing the robbery in question but had told them that appellant and one Traylor had committed the act.

■ If as Johnson's second written statement indicates he told appellant prior to the trial that he was the culprit, then this would not be newly discovered evidence. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612.

■ In view of the facts set forth above, we cannot bring ourselves to agree that the trial court abused his discretion in overruling the motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.